**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

JOHN JENNINGS, Individually and on Behalf of
All Others Similarly Situated,

       Plaintiff,

     v.

FAIRMOUNT SANTROL HOLDINGS INC.,
JENNIFFER D. DECKARD, MATTHEW F.
LEBARON, WILLIAM E. CONWAY, MICHAEL
G. FISCH, CHARLES D. FOWLER, STEPHEN J.
HADDEN, MICHAEL C. KEARNEY, WILLIAM
P. KELLY, MICHAEL E. SAND, and
LAWRENCE N. SCHULTZ,

       Defendants.

Lead Case No. 1:18-cv-00931-CAB

Judge Christopher A. Boyko

Magistrate Judge David A. Ruiz

## [PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENT

    **WHEREAS**, the consolidated action styled *Jennings v. Fairmount Santrol Holdings, Inc.*,

Case No. 1:18-cv-00931-CAB (the "Action") is pending before the Court.

    **WHEREAS**, the parties to the Action have applied pursuant to Rule 23 of the Federal

Rules of Civil Procedure for preliminary approval of the proposed settlement (the "Settlement")

in accordance with the Stipulation of Settlement entered into by the Settling Parties dated as of

November 9, 2018 (the "Stipulation"), upon the terms and conditions set forth in the Stipulation.

The Stipulation (a copy of which has been filed with the Court) contemplates, among other things,

certification by the Court of a class in the Action, solely for purposes of the Settlement.

-1-

**WHEREAS**, the Court, having heard arguments of counsel, having reviewed the Stipulation, its exhibits, and other submissions of the parties, having considered all of the files, records, and pleadings in this Action, and being otherwise fully advised, and the parties having consented to the entry of this Preliminary Approval Order.

**NOW, THEREFORE, IT IS HEREBY ORDERED**, pursuant to Rule 23 of the Federal Rules of Civil Procedure, that:

1.      The Court preliminarily approves the Settlement set forth in the Stipulation as fair, reasonable, adequate, and in the best interests of the Settlement Class.[1]

2.      For purposes of the Settlement only, the Court preliminarily finds and determines that this Action may proceed as a non-opt-out class action pursuant to Rule 23 of the Federal Rules of Civil Procedure, on behalf of a class consisting of all record and beneficial holders of Fairmount Santrol's common stock, their respective successors in interest, successors, predecessors in interest, predecessors, representatives, trustees, executors, administrators, heirs, assigns or transferees, immediate and remote, and any person or entity acting for or on behalf of, or claiming under, any of them, and each of them, together with their predecessors and successors and assigns, who held Fairmount Santrol common stock at any time between and including December 11, 2017 and June 1, 2018, but excluding the Defendants, their subsidiary companies, affiliates, assigns, and members of their immediate families, as the case may be (the "Settlement Class").

3.      The Court preliminarily concludes, based on the information submitted to date, that each of the provisions of Federal Rule of Civil Procedure 23 has been satisfied, and the Action can properly be maintained for settlement purposes according to the provisions of Federal Rules of Civil Procedure 23(a), 23(b)(1), and 23(b)(2). Specifically, the Court finds that (a) the Settlement

---

[1]      Undefined capitalized terms herein carry the meanings assigned in the Stipulation.

Class is so numerous that joinder of all members is impracticable; (b) there are questions of law and fact common to the Settlement Class; (c) the claims of Lead Plaintiffs as representative plaintiffs are typical of the claims of the Settlement Class; (d) Lead Plaintiffs and Class Counsel have fairly and adequately protected and represented the interests of the Settlement Class; (e) prosecuting separate actions by individual members of the Settlement Class would create a risk of inconsistent or varying adjudications that would establish inconsistent standards of conduct for the Defendants; and (f) Defendants have acted on grounds that generally apply to the Settlement Class.

4.      A hearing (the "Final Settlement Hearing") shall be held on _March 13_, 2019 at _2:00 pm_ **[at least 100 calendar days from the entry of this Preliminary Approval Order]** in the United States District Court for the Northern District of Ohio, Eastern Division, at the Carl B. Stokes U.S. Courthouse, 801 West Superior Avenue, Cleveland, Ohio 44113, Courtroom 15B, to determine: (a) whether the Settlement Class should be finally certified; (b) whether the Settlement set forth in the Stipulation should be finally approved as fair, reasonable, adequate, and in the best interests of the Settlement Class; (c) whether a final judgment should be entered dismissing the claims of the Lead Plaintiffs and members of the Settlement Class with prejudice, as required by the Stipulation and releasing claims as required by the Stipulation; (d) whether and, if so, in what amount to award attorneys' fees and reimbursement of expenses to Class Counsel pursuant to the fee application to be filed as referenced herein (if any); and (e) any objections to the Settlement and/or the fee application.

5.      Having reviewed the form and content of the proposed form of Notice submitted by the parties as Exhibit C to the Stipulation, the Court hereby approves such Notice and directs that Fairmount Santrol (or its successor and/or assigns) shall mail, or cause to be mailed, such

Notice, by first-class, postage prepaid, U.S. mail, to the last known address of those members of the Settlement Class who are reasonably identifiable, with such mailing to occur at least sixty (60) calendar days before the date of the Final Settlement Hearing. All members of the Settlement Class shall be requested to forward the Notice to the beneficial owners of those shares of Fairmount Santrol stock or to provide the notice administrator selected by Fairmount Santrol (or its successor and/or assigns) with a list of the names and addresses of beneficial owners of such shares within ten (10) business days after the receipt of the Notice.

6.     The Court finds and determines that mailing of the Notice constitutes the best notice practicable under the circumstances, constitutes due and sufficient notice of the Settlement and the matters set forth in the Notice to all persons entitled to receive notice, and fully satisfies the requirements of due process and of Federal Rule of Civil Procedure 23.

7.     No later than ten (10) calendar days following the filing of the Stipulation with the Court, Fairmount Santrol (or its successor and/or assigns) shall serve upon the appropriate State official of each State in which a member of the Settlement Class resides and the Attorney General of the United States a notice of the proposed settlement (the "CAFA Notice") in compliance with the requirements of the Class Action Fairness Act, 28 U.S.C. § 1715 *et seq.* ("CAFA").  Fairmount Santrol or its successor and/or assigns, and/or their insurer(s), and/or the insurer(s) of the Individual Defendants are solely responsible for the costs of the CAFA Notice and administering the CAFA Notice.  At least seven (7) calendar days prior to the Final Settlement Hearing, Fairmount Santrol (or its successor and/or assigns) shall cause to be served on Class Counsel and filed with the Court proof, by affidavit or declaration, regarding compliance with CAFA § 1715(b).

-4-

8.      At least seven (7) calendar days prior to the Final Settlement Hearing, Fairmount Santrol (or its successor and/or assigns) shall cause an affidavit or declaration to be filed with the Court and served on Class Counsel certifying that the Notice has been mailed as directed in this Preliminary Approval Order.

9.      All papers in support of final approval of the Settlement shall be filed with the Court and served upon all counsel of record at least thirty-five (35) calendar days prior to the date of the Final Settlement Hearing. Any application for, and all papers in support of, any requested award of attorneys' fees and reimbursement of expenses to Class Counsel shall be filed with the Court and served upon counsel of record at least thirty-five (35) calendar days prior to the date of the Final Settlement Hearing. Any reply papers shall be filed at least seven (7) calendar days prior to the date of the Final Settlement Hearing.

10.     Any member of the Settlement Class who wishes to object to the Settlement and/or any award of attorneys' fees and reimbursement of expenses to Class Counsel, or to appear at the Final Settlement Hearing and show cause, if any, why the Settlement should not be approved as fair, reasonable, adequate, and in the best interests of the Settlement Class, or why a final judgment should not be entered thereon, must serve and file a written notice of intention to appear at the Final Settlement Hearing and/or copies of any papers they ask the Court to consider in connection with issues to be addressed at the Final Settlement Hearing. Such notice of intention to appear and objections must be addressed to the Clerk of Court; must refer to the action *Jennings v. Fairmount Santrol Holdings, Inc.*, Lead Case No. 1:18-cv-00931-CAB, and must be filed with, and received by, the Clerk of Court at least twenty-one (21) calendar days before the Final Settlement Hearing by hand delivery or first class mail, postage prepaid, at:

Clerk of Court
U.S. District Court for the Northern District of Ohio, Eastern Division
Carl B. Stokes U.S. Court House
801 West Superior Avenue
Cleveland, Ohio  44113

Any such submission must provide a detailed statement of such person's specific objections to any matter before the Court and the grounds therefore and must include all documents and other writings such person wishes the Court to consider. Copies of any such submission and all included materials also must be served upon the following counsel by hand delivery or first class mail, postage prepaid, on or before that same date:

Daniel R. Karon
KARON LLC
The Hoyt Block Building, Ste. 200
700 West St. Clair Avenue
Cleveland, Ohio  44113

*Liaison Counsel*

Juan E. Monteverde
MONTEVERDE & ASSOCIATES PC
The Empire State Building
350 Fifth Avenue, 59th Floor
New York, New York  10118

Elizabeth K. Tripodi
LEVI & KORSINSKY, LLP
1101 30th Street, N.W., Suite 115
Washington, D.C. 20007

*Class Counsel*

Geoffrey J. Ritts
JONES DAY
901 Lakeside Avenue
Cleveland, Ohio 44114-1190

Marjorie P. Duffy
JONES DAY
325 John H. McConnell Blvd., Suite 600
Columbus, Ohio 43216-5017

*Attorneys for Defendants*
*Fairmount Santrol Holdings Inc.*
*(now known as Bison Merger Sub*
*I, LLC), Jenniffer D. Deckard,*
*Matthew F. LeBaron, William E.*
*Conway, Michael G. Fisch,*
*Charles D. Fowler, Stephen J.*
*Hadden, Michael C. Kearney,*
*William P. Kelly, Michael E. Sand,*
*and Lawrence N. Schultz*

11.     No person shall be entitled to object to the Settlement, to the final judgment to be entered in this Action, or to any award of attorneys' fees and reimbursement of expenses to Class Counsel, or otherwise to be heard, except by serving and filing a written notice of intention to appear and written objections in the form and manner, and by the date, required by the Notice and the terms of this Preliminary Approval Order. Any person who fails to object in the manner and

by the date required shall be deemed to have waived any right to object (including any right to appeal), and shall be forever barred from raising such objections in this or any other action or proceeding.

12.     From the date of this Preliminary Approval Order until the Court enters its order determining whether a final judgment should be entered on the terms required by the Stipulation, Lead Plaintiffs and all members of the Settlement Class, and any of them, are barred and enjoined from commencing, prosecuting, instigating, or in any way participating in the commencement, prosecution or instigation of any action asserting any Released Claims, either directly, representatively, derivatively, or in any other capacity, against any Released Person.

13.     All proceedings in this Action, other than proceedings as may be necessary to carry out the terms and conditions of the Settlement, are hereby stayed and suspended until further order of the Court.

14.     Upon entry of final judgment after the Final Settlement Hearing, Lead Plaintiffs and all members of the Settlement Class shall be forever barred from commencing, prosecuting, instigating, or in any way participating in the commencement, prosecution or instigation of any action asserting any Released Claims, either directly, representatively, derivatively, or in any other capacity, against any Released Person.

15.     If the Court does not approve the Settlement, or the Settlement does not become effective for any reason whatsoever, the Settlement (including any modification thereof made with the consent of the parties as provided for in the Stipulation), any class certification herein, and any actions taken or to be taken in connection therewith (including this Preliminary Approval Order and any judgment entered herein) shall be terminated and shall become void and of no further force and effect except for the obligation of Fairmount Santrol (or its successor and/or assigns,

and/or their insurer(s), and/or the insurer(s) of the Individual Defendants) to pay for any expense incurred in connection with mailing the Notice and the CAFA Notice, and the Action shall proceed without prejudice to any party as to any matter of law or fact, as if the MOU had not been entered into and the Stipulation had not been made and had not been submitted to the Court. Nevertheless, in such event, Class Counsel have reserved the right to apply for an award of attorneys' fees and expenses and Defendants have reserved the right to oppose such an application.

16.     Neither the Stipulation, any provisions in the Stipulation, any document or instrument contemplated thereby, nor any negotiations, statements or proceedings in connection therewith, shall be (a) construed as, or deemed to be evidence of, or a presumption, concession or admission on the part of Lead Plaintiffs, any Defendant, any member of the Settlement Class, or any other person of any liability or wrongdoing by them, or any of them, or (b) offered or received in evidence in any action or proceeding, or used in any way as a presumption, concession, admission or evidence of any liability or wrongdoing of any nature.

17.     The Final Settlement Hearing may, from time to time and without further notice to members of the Settlement Class, be continued or adjourned by order of the Court without further notice of any kind other than announcement at the Final Settlement Hearing or at any later hearing.

18.     The Court retains jurisdiction to consider all further applications arising out of or connected with the Settlement. The Court may approve the Settlement with such modifications as may be agreed to by the Parties in writing, if appropriate, without further notice to the Settlement Class.

SO ORDERED.

          November 26
Dated: _____, 2018

                                       s/ Christopher A. Boyko

                                  The Honorable Christopher A. Boyko
                                  United States District Judge